IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MOBEETIE RESOURCE | ) | |
| DEVELOPMENT LLC, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 09-CV-0309-CVE-PJC |
| | ) | |
| POLYFLOW, INC., a Pennsylvania | ) | |
| Corporation; POLYMERIC PIPE | ) | |
| TECHNOLOGY CORP., a Nevada | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Now before the Court is defendant Polymeric Pipe Technology Corp.'s (Polymeric Pipe)
Motion to Dismiss for Improper Venue and/or Transfer Venue to Appropriate Federal Court in
Texas for Wheeler County, Texas (Dkt. ## 7, 12).[1]  Polymeric Pipe asks the Court to dismiss this
case for improper venue or transfer this case to the United States District Court for the Northern
District of Texas.

## I.

Mobeetie Resource Development LLC (MRD) is a limited liability company formed in
Delaware that maintains its principal place of business in Tulsa, Oklahoma.  MRD has no employees
and is wholly-owned by Protégé Energy II LLC.  However, MRD was formerly owned by Protégé
Energy LLC.  Both Protégé entities established their principal places of business in Tulsa, and their

---

[1]   Polymeric Pipe's motion contains two separate motions in one pleading -- a motion to
dismiss for improper venue and a motion to transfer venue.  The Court Clerk has docketed
each motion separately, and plaintiff has filed a separate response (Dkt. # 20, 21) to each
motion.

employees worked out of an office located in Tulsa.[2]  MRD states that Protégé's employees served as MRD's agents in any transaction involving MRD.  Defendant Polyflow Inc. (Polyflow) is a Pennsylvania corporation with its principal place of business in Pennsylvania.  Polymeric Pipe is a Nevada corporation with its principal place of business in Texas.

In September 2007, MRD solicited bids for the installation of two pipelines for the Patterson 45-9 natural gas well located in Wheeler County, Texas.[3]  Polymeric Pipe submitted a bid for the project and, on November 6, 2007, MRD accepted Polymeric Pipe's bid.  Polymeric Pipe submitted a bid relying on cost estimates for pipe manufactured by Polyflow.  During construction of the pipelines, numerous problems arose and the pipeline failed during three tests conducted in May and June 2008.  MRD alleges that the final pipeline test resulted in a catastrophic failure and it was forced to shut down the project.  Dkt. # 2, at 4.

On May 21, 2009, MRD filed this lawsuit against Polyflow and Polymeric Pipe.  MRD alleges negligence and manufacturer's products liability claims against Polyflow, and a breach of contract claim, four breach of warranty claims, and a negligence claim against Polymeric Pipe. Polymeric Pipe filed a motion to dismiss for improper venue or to transfer this case to the Northern

---

[2]     For ease of reference, the Court will refer to both Protégé entities as "Protégé" in this Opinion and Order.  Plaintiff does not distinguish between the entities and it does not appear that the entities simultaneously owned MRD.

[3]     The record contains conflicting statements about what entity actually solicited bids and handled the bidding process.  The complaint alleges that MRD solicited bids and directly contacted Polymeric Pipe.  Dkt. # 2, at 2-3.  Polymeric Pipe states that it dealt with Protégé only.  Dkt. #  7, Ex. 3.  MRD's response states that it used Select Engineering, Inc. (Select Engineering) to solicit bids and manage the project.  Dkt. # 21, at 3.  The Court will refer to MRD as the entity that managed the project because, for purposes of a venue analysis, the resolution of this factual issue will not affect the Court's decision.  MRD, Protégé, and Select Engineering all maintain offices in Tulsa and performed work associated with this project in Tulsa.

District of Texas.  Polyflow filed an answer raising numerous affirmative defenses, but it did not object to plaintiff's chosen venue.

## II.

Polymeric Pipe challenges venue on two grounds.  First, Polymeric Pipe argues that venue is improper because the events substantially giving rise to plaintiff's claims occurred in Wheeler County, Texas.  Second, Polymeric Pipe asks the Court to transfer venue to the Northern District of Texas because transfer of venue would favor the convenience of Polymeric Pipe and certain witnesses.

## A.

Polymeric Pipe claims that venue is improper in the Northern District of Oklahoma because a substantial part of the events giving rise to this case occurred in Wheeler County, Texas.  Plaintiff responds that venue may be proper in more than one judicial district, and the Northern District of Oklahoma is a proper venue even if the case could also have been filed in the Northern District of Texas.

Polymeric Pipe does not cite a legal basis for its motion, but the Court will construe it as a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3).  Once an issue as to venue has been raised, the plaintiff bears the burden to show that venue is proper.  McCaskey v. Continental Airlines, Inc., 133 F. Supp. 2d 514, 523 (S.D. Tex. 2001).  When venue is challenged under Rule 12(b)(3) and the parties have not requested an evidentiary hearing, the plaintiff must make only a prima facie showing that venue is proper in its chosen forum.  Mitrano v. Hawes, 377 F.3d 402 (4th Cir. 2004); Delong Equipment Co. v. Washington Mills Abrasive Co., 840 F.2d 843, 845 (11th Cir. 1988).

3

Under 28 U.S.C. § 1391, a civil action "founded only on diversity of citizenship may . . . be brought only in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ."  Venue may be proper in more than one district in which a substantial part of the events giving rise to the claim occurred.  Wilson v. Qorvis Communications, LLC, 2007 WL 4171567 (W.D. Okla. 2007).  The plaintiff does not have to establish that his chosen venue "has the most substantial contacts to the dispute; rather, it is sufficient that a substantial part of the events occurred [here], even if a greater part of the events occurred elsewhere."  Nat'l Council on Compensation Ins. Inc. v. Caro & Graifman, P.C., 259 F. Supp. 2d 172 (D. Conn. 2003) (quoting Indymac Mortgage Holdings Inc. v. Reyad, 167 F. Supp. 2d 222, 237 (D. Conn. 2001)).  The Court must determine whether "the forum activities played a substantial role in the circumstances leading up to the plaintiff's claim.  If the selected district's contacts are 'substantial,' it should 'make no difference that another's are more so, or the most so.'"  Crowe & Dunlevy, P.C. v. Stidham, 609 F. Supp. 2d 1211, 1221 (N.D. Okla. 2009).

Plaintiff argues that a substantial part of the events giving rise to the case occurred in Tulsa, and this Court should retain venue over this case.  MRD and Protégé maintain their principal places of business in Tulsa, and all of Protégé's employees live in or near Tulsa.  Dkt. # 21, Ex. A, at 2.  MRD has no employees of its own and Protégé's employees serve as MRD's agents in business transactions.  Id.  MRD solicited bids for a job in Wheeler County, Texas, but bids were allegedly submitted to and reviewed by Select Engineering at its Tulsa office.  Id., Ex. B, at 2.  Select Engineering and its employees with knowledge of plaintiff's claims are also located in Tulsa.  Plaintiff alleges that Polymeric Pipe knowingly entered into a business relationship with a company located in Tulsa.  The parties do not dispute that the gas well is located in Wheeler County, Texas,

4

and the actual work took place at the well site.  However, Polymeric Pipe sent invoices for payment to Tulsa, and asked that payment be sent to an Oklahoma address.  Id., Ex. A, at 3.  After the project was shut down for a safety review, Polymeric Pipe sent a representative to Tulsa for a meeting with Select Engineering on May 19, 2008.  Id., Ex. B, at 2.  On July 8, 2008, Don Gish, Manager of Polymeric Pipe, attended a settlement meeting in Tulsa, but the parties were unable to resolve their dispute.  Id., Ex. A, at 3.

Polymeric Pipe responds that plaintiff's claims do not arise out of contract negotiations or an attempted settlement, but its claims concern only allegedly defective work that was performed in Wheeler County, Texas.  Dkt. # 22, at 1-2.  Polymeric Pipe states that it did not send a representative to Tulsa before entering the contract, and Protégé employees traveled to the work site to meet with Polymeric Pipe on several occasions.  Dkt. # 7, at 2.  Polymeric Pipe acknowledges that Gish traveled to Tulsa for settlement negotiations, but the dispute was not settled and this case was filed.  It argues that plaintiff's claims do not arise out of this meeting and this event is irrelevant to consideration of the proper venue.  Polymeric Pipe purportedly filed a lien affidavit against Protégé in the land records of Wheeler County, Texas, and claims that this lien must be raised as a compulsory counterclaim in this case.  It asserts that the lien is governed by Texas law, and a federal court in Texas would be more familiar with Texas law.  Polymeric Pipe also states that it intends to file third-party claims against Polyflow and the dirt and welding contractors because these entities, rather than Polymeric Pipe, caused any injury to plaintiff.  It claims that the dirt and welding contractors may be outside the subpoena power of this Court, and it will be deprived of a fair trial if it required to litigate in this forum.

The Court finds that Polymeric Pipe's motion to dismiss for improper venue should be denied.  Plaintiff has alleged sufficient facts to show that substantial events giving rise to the claim,

such as contract formation, invoice receipt, and settlement negotiations, occurred in the Northern District of Oklahoma, and it has made a prima facie showing that venue is proper in this district. Texas law may apply to some or all of plaintiff's claims or defendant's proposed third-party claims, but this does not show that venue is improper.  Polymeric Pipe's argument primarily rests on its assertion that it would be more convenient for Polymeric Pipe to litigate in the Northern District of Texas.  This may be a relevant consideration for its motion to transfer venue, but this does not deprive the Court of venue.  It is clear that substantial events giving rise to this claim occurred in the Northern District of Oklahoma and, even if plaintiff could have filed this case in the Northern District of Texas, venue is also proper in this Court.

## B.

Polymeric Pipe also asks the Court to transfer this case to the Northern District of Texas because that court would be a more convenient forum for Polymeric Pipe and potential witnesses who performed work at the well site.  Plaintiff responds that its chosen forum is entitled to significant deference and defendant has not shown that any factors weigh strongly in favor of transferring this case to the Northern District of Texas.

Under 28 U.S.C. § 1404(a), a court may transfer a case to any judicial district in which it could originally have been filed "[f]or the convenience of parties and witnesses."  The Tenth Circuit has identified several factors that should be considered by a district court when ruling on a motion to transfer:

the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws, the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991).  In deciding whether transfer is appropriate, courts are to consider the following factors: (1) "the plaintiff's choice of forum;" (2) "the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses;" (3) "the cost of making the necessary proof;" (4) "questions as to the enforceability of a judgment if one is obtained;" (5) "relative advantages and obstacles to a fair trial;" (6) "difficulties that may arise from congested dockets;" (7) "the possibility of the existence of questions arising in the area of conflict of laws;" (8) "the advantage of having a local court determine questions of local law;" and (9) "all other considerations of a practical nature that make a trial easy, expeditious and economical." Id. (quoting Tex. Gulf Sulphur Co. v. Ritter, 371 F.2d 145, 147 (10th Cir. 1967)) (internal quotation marks omitted).  When a party files a motion to transfer venue, the moving party has the burden to prove inconvenience to the parties and witnesses.  Rivendell Forest Prods., Ltd., v. Canadian Pacific Ltd., 2 F.3d 990, 993 (10th Cir. 1993).  Unless the moving party carries its burden to prove inconvenience to the parties and witnesses and the balance is "strongly" in favor of the moving party, the plaintiff's choice of forum should not be disturbed.  Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir. 1992).

Plaintiff selected the Northern District of Oklahoma as the forum for this case, and this decision is entitled to significant deference unless Polymeric Pipe can show that other factors weigh strongly in favor of transfer to another district.  Polymeric Pipe argues that most of the witnesses

with knowledge about the actual work performed at the well site are located in Wheeler County, Texas, and this supports transfer of venue. However, Polymeric Pipe is the only party with a place of business in Texas, and the transaction was arranged in Tulsa. Plaintiff states that its witnesses are located in the Tulsa area, and these witnesses will be the primary witnesses for all parties in this litigation. Although Polyflow has taken no position on Polymeric Pipe's motion, Polyflow is a Pennsylvania corporation, and witnesses with knowledge about the manufacture of the material are likely located in Pennsylvania. Given the disparate location of parties and witnesses, the Court sees no reason to disturb plaintiff's choice of forum based solely on the location of witnesses unless Polymeric Pipe can identify a compelling reason to transfer venue to the Northern District of Texas.

Polymeric Pipe argues that Texas courts should be given the opportunity to apply Texas law, because any counterclaims or third-party claims it has would be governed by Texas law. This is not a strong argument for transfer in this case. Plaintiff has identified statutes governing Polymeric Pipe's proposed counterclaim concerning a lien against plaintiff, and these statutes are relatively clear. Plaintiff has also cited case law construing these statutes. While an unclear issue of state law could arise, this does not appear likely and the Court foresees no significant difficulty in applying Texas law.

Polymeric Pipe has not identified any obstacles to a fair trial in this district or issues suggesting that a judgment by this Court would be unenforceable. Polymeric Pipe suggests that it will have difficulty bringing third-party claims against the dirt and welding contractors, because those entities are not subject to personal jurisdiction in Oklahoma. However, Polymeric Pipe has not identified the dirt or welding contractor and the Court has no way to assess this argument. Both parties agree that plaintiff contracted directly with the dirt and welding contractor and, contrary to Polymeric's Pipe's assertions, it is possible that these entities have sufficient contacts for this Court

8

to exercise personal jurisdiction over them.  Without more information, the Court will not assume that venue should be transferred based on the potential that unidentified third parties might not subject to suit in this forum.  Polymeric Pipe will not have any difficulty bringing counterclaims against Polyflow, because Polyflow is a named defendant and has not objected to personal jurisdiction or venue in this Court.

Considering the remaining <u>Chrysler Credit Corp.</u> factors, the Court finds no basis to transfer this case to the Northern District of Texas.  The Court does not have a congested docket that would delay resolution of this case.  There is a possibility that Texas law may apply to proposed counterclaims or third-party claims, but neither party has provided an analysis of the law applicable to plaintiff's claims.  As the Court has already noted, the possibility that Texas law might apply to some or all claims does not favor transfer of venue to a federal district court in Texas.  Therefore, the Court finds no reason to disturb plaintiff's choice of venue, and Polymeric Pipe's motion to transfer venue to the Northern District of Texas should be denied.

**IT IS THEREFORE ORDERED** that defendant Polymeric Pipe's Motion to Dismiss for Improper Venue and/or Transfer Venue to Appropriate Federal Court in Texas for Wheeler County, Texas (Dkt. ## 7, 12) is **denied**.

**DATED** this 28th day of July, 2009.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT